318 So.2d 130 (1975)
Raymond A. MIX, Petitioner-Contestant,
v.
Avery C. ALEXANDER, Respondent-Contestee, and
Orleans Parish Democratic Executive Committee, Nominal Respondent.
No. 7304.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 1975.
*131 James A. McPherson, New Orleans, for appellant.
Nelson, Nelson & Lombard, Ltd., John P. Nelson, Jr., New Orleans, for appellee.
Before SAMUEL, REDMANN, LEMMON, GULOTTA, STOULIG, BOUTALL, SCHOTT, BEER and ZACCARIA, JJ.
SAMUEL, Judge.
Raymond A. Mix (hereinafter referred to as plaintiff), as an elector and candidate for the office of representative from the Ninety-third Legislative District, brought this suit under LSA-R.S. 18:396, objecting to the candidacy of Avery C. Alexander (hereinafter referred to as defendant) for that office on the ground the defendant was not qualified to be a candidate because he had not been actually domiciled in the Ninety-third Legislative District for the full year preceding the time of qualification as required by the Louisiana Constitution of 1974. The petition alleges defendant claims as his domicile 2921 Philip Street, New Orleans, which is within the Ninety-third Legislative District; but that address is a single family dwelling occupied for at least three years by one Braulin *132 Brock, Jr. and his family; and in fact the defendant has and maintains his domicile at 1939 General Taylor Street, New Orleans, which is outside that legislative district.
Defendant answered, generally denying the allegations of the petition, but admitting Braulin Brock, Jr., defendant's son-in-law, did reside at 2921 Philip Street. The answer also avers the Philip Street address is the defendant's domicile. In addition, the defendant filed an exception of no right or cause of action, based on plaintiff's inability to file the present suit as a result of the alleged fact that plaintiff himself has not been actually domiciled within the Ninety-third Legislative District as required by the Constitution and on the plea that the domicile and residency requirements in suit are unconstitutional. Plaintiff then filed a motion to strike the answer on the ground it had not been filed within 48 hours as required by R.S. 18:396, as amended by Act 1 of 1975.
The exception and motion were referred to the merits. Following trial, there was judgment overruling the exception and motion and dismissing plaintiff's suit. Plaintiff has appealed. In this court defendant concedes he has abandoned his exception.
On the merits the applicable law is Article 3, § 4(A) of the Louisiana Constitution of 1974 which, in pertinent part, requires that, in order to be eligible for membership in the legislature, at the time of qualification the candidate must have "been actually domiciled for the preceding year in the legislative district from which he seeks election".[1]
Here defendant's domicile is either 1939 General Taylor Street, outside the appropriate legislative district, or 2921 Philip Street, within the boundaries of that district. Thus, we need only decide whether the defendant was domiciled on General Taylor Street, as contended by plaintiff, or on Philip Street, as contended by defendant.
The evidence offered by the defendant establishes that he purchased the General Taylor property sometime in 1954 and thereafter used the premises as his family home until 1965. The property was extensively damaged in 1965 by Hurricane Betsy, requiring defendant and his wife to move to 2921 Philip Street, the residence occupied and owned by Mrs. Alexander's daughter and son-in-law, Mr. and Mrs. Braulin Brock, Jr. As a result of insurance problems and the difficulty of obtaining workmen following Hurricane Betsy, it took several years to repair the General Taylor house. The Philip Street property has six bedrooms, three baths, two kitchens and two living rooms. Defendant and his wife occupied one of these bedrooms exclusively.
Both defendant and Mrs. Alexander testified without equivocation they intended to make the Philip Street residence their permanent home. In support of this conclusion the evidence shows defendant and his wife changed their voting registrations to the Philip Street address in 1967, and the defendant maintains the registration of his motor vehicles, and receives bank statements, homestead statements and numerous other mail at that address. In addition, defendant was nominated and/or certified for various political offices from 1971 through 1973 at the Philip Street address and served from that address as a member of the Constitutional Convention which *133 drafted the Louisiana Constitution of 1974. Defendant further offered evidence showing his membership on a Selective Service Board, with the correspondence therefrom being addressed to him at the Philip Street address as late as July 10, 1975; introduced his 1974 personal property tax bill addressed to 2921 Philip Street; and introduced a recent traffic ticket also showing Philip Street as his address. It was established without dispute that the defendant did not file a homestead exemption on the General Taylor property. He contends that property is being held by him in the expectation of renovating it into a multiunit rental property. The testimony of defendant and his wife generally was corroborated by the testimony of Braulin Brock, Jr., the son-in-law, and Johnny A. Collins, a neighbor on Philip Street.
Plaintiff's evidence established that the defendant in fact owned the General Taylor property, paid utilities, and maintained an unlisted telephone number in his name there. After the 1965 hurricane, he and his wife resided on General Taylor at least a part of the time, defendant estimating he spent 20% of his time at that address and Mrs. Alexander estimating she spent three out of seven days there. The reason given for spending any time at the General Taylor address was the necessity of giving the house the appearance of being occupied in order to deter potential vandalism and burglaries.
Plaintiff also produced Mrs. Pauline Corley, who rented a residence at the rear of the General Taylor Street property. She testified that during her two year residence there she saw defendant and his wife on various occasions at General Taylor Street. However, she could not testify defendant spent the night there since she only saw him arrive on certain evenings and never saw him leave in the mornings. Generally, she testified to little or nothing more than the defendant freely admitted regarding the fact that he did spend some time at the General Taylor Street address. In addition, her testimony lacks probative value since she always paid the rent for her dwelling to Mrs. Alexander, had no business dealings with the defendant and, as she admitted, spent most of her time at her mother's home.
Finally, plaintiff produced four notarial acts in which the defendant's address appears as 1939 General Taylor Street. The acts are dated 1964, 1965, 1967 and 1975. Of course, the acts of 1964 and 1965 are immaterial in this case because he did not move from the General Taylor address until the latter part of 1965. Plaintiff testified that at the time of the passage of the 1967 act, a sale by him of certain real estate not involved in this suit, he gave the notary several addresses and the notary chose to use the General Taylor address. Insofar as concerns the 1975 act, a mortgage of the General Taylor property, the defendant testified he gave the notary no information regarding his home address, and apparently, the notary assumed that address was his home.
Taking the record in its entirety on the merits, it is clear the trial judge acted correctly in dismissing plaintiff's suit. The evidence falls far short of the proof necessary to disqualify defendant on the ground he is not actually domiciled within the Ninety-third Legislative District.
As has been pointed out, plaintiff's motion to strike defendant's answer is based on R.S. 18:396, as amended by Act 1 of 1975, which provides, in pertinent part, that the "person whose candidacy is thus [timely and properly] objected to his forty-eight hours within which to file his answer." While the record does not contain a return showing the date and time of service of the petition on the defendant, even assuming the answer was filed several hours later than the permissible fortyeight hours as is indicated by counsel, we *134 are of the opinion that the late filing is immaterial in this case.
A reading of the statute in its entirety convinces us the intent of the legislature regarding the time limitations was to shorten the delays allowed for instituting judicial proceedings in election matters and to provide for their necessary rapid and expeditious consummation. We find nothing in the statute to indicate the forty-eight hour limit within which to file an answer is jurisdictional. In our opinion, disqualification does not automatically follow from the failure to file a timely answer. It is necessary that the person objecting to the candidacy prove the allegations of his petition before disqualification can be obtained.
In the instant case plaintiff produced only three witnesses, Mrs. Corley, defendant's tenant who lived in the rear of the General Taylor Street property, the defendant on cross examination, and a telephone company employee. We have already discussed Mrs. Corley's testimony and the defendant's testimony when called by the plaintiff on cross examination. The telephone company employee only testified to the fact that the defendant had an unlisted telephone at the General Taylor address. In addition, plaintiff produced the notarial acts also already discussed and the acts of purchase of the General Taylor Street property by the defendant and the Philip Street property by Brock, the son-in-law. He offered no other evidence. Thus, without considering any evidence other than that offered by the plaintiff, we are satisfied he failed to carry his burden of proving the allegations of his petition.
For the reasons assigned, the judgment appealed from is affirmed.
MORIAL, J., recused.
Affirmed.
NOTES
[1] Art. 3, § 4(A) reads: "An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from which he seeks election is eligible for membership in the legislature." La.Const. '74, Art. 3, § 4(A). For a discussion of intent in connection with the use of the words "actually domiciled" see Louis Charbonnet, III vs James J. Hayes, No. 7297 of the Docket of this court, handed down August 29, 1975.