360 So.2d 921 (1978)
Donald JORY, Plaintiff-Appellee,
v.
W. Gregory ARNETTE, Jr., Defendant-Appellant.
No. 6781.
Court of Appeal of Louisiana, Third Circuit.
July 24, 1978.
Writ Refused August 1, 1978.
Arnette & George, James A. George, Jennings, for defendant-appellant.
Mary O. Pierson, Baton Rouge, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
In this suit defendant's eligibility to be a candidate for the office of District Attorney for the Thirty-First Judicial District, State of Louisiana, is put at issue.
The facts are without dispute.
Defendant timely filed qualifying papers for the office of District Attorney, Thirty-First Judicial District, State of Louisiana, on July 10, 1978. The primary election for this office will be held on September 16, *922 1978. Defendant was admitted to the practice of law in the State of Louisiana on September 24, 1973. Plaintiff instituted this suit on July 14, 1978, contesting defendant's eligibility as a candidate for such office alleging, in essence, that defendant does not possess the requisite professional qualifications as required by Article V, § 26 of the Louisiana Constitution of 1974 in that he has not been admitted to the practice of law in the State of Louisiana for at least five years prior to "his election."
Following institution of this suit defendant filed a peremptory exception urging that plaintiff's petition failed to state a cause of action because it was not alleged therein when defendant's election would be. The trial court sustained this exception, but it continued the matter to the following day, permitting plaintiff to amend his petition to state a cause of action. Plaintiff then filed a supplemental petition and upon trial of the matter the following day defendant reurged his exception, which was overruled. Following trial on the merits, the district court rendered judgment in favor of plaintiff, decreeing defendant ineligible as a candidate for the office of district attorney. Defendant then prosecuted this appeal.
Appellant assigns as error the trial court's permitting the plaintiff to amend his petition, urging that this amendment and the resultant delay in trial violates the provisions of LSA-R.S. 18:1409, which mandates that an action objecting to candidacy shall be tried on the fourth day after suit is filed. He thus argues that the trial court judgment is null. Principally, appellant urges error in the trial court's holding that the date of "his election," i. e., the defendant's election, as stated in Article V, § 26 of the Louisiana Constitution of 1974, means the date of the scheduled primary election to be held September 16, 1978.
We find no merit in appellant's first assignment of error. We conclude that the trial court erred in sustaining the exception of no cause of action initially filed by the defendant. The original petition alleges defendant's ineligibility for lack of the required professional qualifications provided for by Article V, § 26 of the Louisiana Constitution of 1974 and specifically alleges the date of his admission to practice law in the State of Louisiana and the date of the scheduled primary election for said office. It was unnecessary that plaintiff allege when defendant's election would take place, within the intendment of the cited constitutional provision, in that the latter is a legal conclusion as opposed to a factual allegation. In our opinion, the plaintiff's original petition is legally sufficient and states a cause of action.
Considering the foregoing conclusion, we deem it unnecessary to consider appellant's contention that the provisions of LSA-R.S. 18:1409 are mandatory and failure to comply therewith renders null the judgment appealed from for not having been timely rendered. It is axiomatic that the trial court's error in sustaining the exception which resulted in the delay cannot result in prejudice to the plaintiff.
We do find merit, however, in appellant's contention that the trial court erred in its conclusion that as a matter of law defendant's election would occur on the date of the scheduled primary election and he was therefore ineligible as a candidate for the office of district attorney.
Article V, § 26(A) of the Louisiana Constitution of 1974 sets forth the qualifications required of candidates for district attorney in this state. It provides that a district attorney shall have been admitted to the practice of law in the state for at least five years prior to his election and shall have resided in the district for the two years preceding election.
An understanding of the election process as set forth in the recently enacted Election Code (LSA-R.S. 18:1 et seq.), made effective January 1, 1978, is essential in order to define the term "election" insofar as it applies to the office of district attorney.
LSA-R.S. 18:451 concerns qualifications of candidates. It provides:
"A person who meets the qualifications for the office he seeks may become a *923 candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office." [Emphasis added]
Section 561 provides that a person who desires to become a candidate in a primary election shall qualify by timely filing notice of his candidacy which is accompanied either by a qualifying fee or a nominating petition. Sections 466, 467 and 468 establish the date of the qualifying periods and when they shall be opened and closed.
The changes provided in the electoral process by the new Election Code should be understood. The nature of the newly enacted open elections law is that all qualified voters of the state may vote on candidates for public office in primary and general elections without regard to the voter's party affiliation or lack of it, and all candidates for public office who qualify for a primary or general election may be voted on without regard to the candidate's party affiliation or lack of it. LSA-R.S. 18:401. The actual election process envisions a primary and general election.
Section 469 of the Election Code provides for reopening of qualifying periods due to the death of a candidate qualified to run in the primary election. This provision states that if a qualification period for candidates reopens within thirty days before the primary election, all votes cast in the primary election for that office are void unless no additional candidates qualify. If all votes cast in the primary election are void due to the death of the candidate, the primary election is held on the date of the general election and the general election follows later on the sixth Saturday after the primary election.
Section 511 of the Election Code states that a candidate who receives the majority of the votes cast for office in a primary election is elected. If the primary election results in a tie vote, and the number of candidates who would be elected exceeds the number to be elected, these candidates go into a general election. If a candidate is unopposed after the close of the qualifying period, the candidate is declared elected by the people and his name does not appear on the ballot in either the primary or general election.
Section 481 provides that the candidates receiving the two highest number of votes among those not elected in the primary election qualify for the general election.
LSA-R.S. 18:512 provides that the candidate who receives the most votes cast in the general election is elected. If as a result of the death or withdrawal of one or more candidates, the number of candidates for an office in a general election does not exceed the number of persons to be elected to the office, the remaining candidates are declared elected by the people and their name shall not appear on the ballot in the general election. If a tie vote results from a general election, then there is another election on the fifth Saturday after the general election returns are promulgated.
Section 574 provides that the parish board of election supervisors shall meet at the parish courthouse within not less than three nor more than six days after a primary or general election and shall prepare compiled statements of the election returns as shown by the record of votes made by the clerk of court when the machines were opened. Before the fifteenth day after a primary or general election, the secretary of state shall publish in the official journal of the state the names of the candidates for each office in the election and the number of votes received by each as shown by the returns transmitted by the parish board of election supervisors.
LSA-R.S. 18:575 states that election returns compiled and promulgated by the secretary of state shall be the official results of a primary or general election for an office if an action contesting the election is not commenced timely. If the primary or general election is contested timely, the final judgment in the action contesting the election shall determine the result of the election. The result of the contested election shall not be official until the final *924 judgment in the action contesting the election becomes definitive.
LSA-R.S. 18:513 provides that within thirty days after the date of the general election, the secretary of state certifies the name of each candidate elected for a full term to the appropriate official. In the case of a district attorney, sub-paragraph (5) of Section 513(A) applies and the name is certified to the governor who issues a commission to the elected official.
In his petition, plaintiff questions defendant's eligibility as a candidate for the office of district attorney. Plaintiff thus took upon himself the burden of establishing by a reasonable preponderance of the evidence that defendant does not possess the requisite qualifications as provided in Article V, § 26 of the Louisiana Constitution of 1974, i. e., that he will not have been admitted to the practice of law in the State of Louisiana for at least five years prior to "his election." Meyer v. State, Dept. of Public Safety Lic. Con., etc., 312 So.2d 289 (La.1975); Mix v. Alexander, 318 So.2d 130(La.App. 4th Cir. 1975).
Our consideration of the stipulated facts of this case, in light of the Louisiana Election Code and the cited constitutional provision, prompts us to conclude that the plaintiff has failed to establish by a reasonable preponderance of the evidence that defendant's election to the office of district attorney will occur prior to September 24, 1978, and that the trial judge erred in so holding.
A review of the Louisiana Election Code indicates the possibility of several contingencies, anyone of which would prevent the September 16, 1978 primary election from deciding who is to serve as the district attorney of the Thirty-First Judicial District. The September 16, 1978 primary election will not be decisive if the death of a candidate occurs and qualifications are reopened (LSA-R.S. 18:469), nor will the primary election be decisive if the election results in a tie vote (LSA-R.S. 18:511). Additionally, the results of the September 16, 1978 primary would be inconclusive if an election contest suit were filed, the results of the primary election being final only after judgment in the action contesting the election becomes definitive (LSA-R.S. 18:575). Arguably, these are remote contingencies, however, be that as it may, plaintiff's burden in the instant case is to prove by a reasonable preponderance of the evidence that defendant's election will occur prior to September 24, 1978. It is clear that plaintiff has not carried his burden of establishing that defendant will, under all circumstances, be elected prior to the fifth anniversary of his admission to the Louisiana Bar.
We believe that this conclusion and the construction which we accord to the cited constitutional provision and the Louisiana Election Law is consistent with the well recognized principle that laws governing the conduct of elections should be liberally interpreted so as to promote rather than defeat candidacy. Rich v. Martin, 259 So.2d 113 (La.App. 1st Cir. 1975), writ of certiorari denied.
Although unnecessary to our decision, we observe that in the instant case the results of the primary election to be held September 16, 1978 will not be official until the promulgation of the election returns by the secretary of state pursuant to the provisions of LSA-R.S. 18:574 and 18:575. This can clearly occur after September 24, 1978, defendant's fifth anniversary of admission to the Louisiana Bar, as the cited sections provide for promulgation of the returns on or before the 15th day after a primary election and that such promulgation represents the "official" results of a primary election. It is our opinion that under any circumstances a candidate is not elected until the results are official.
For the foregoing reasons, the judgment of the district court is reversed and it is now ordered, adjudged and decreed that plaintiff's suit be dismissed at his costs.
REVERSED AND RENDERED.