SCHOTT, Judge.
Plaintiff, a qualified elector of District D, of the City of New Orleans, brought this action pursuant to LSA-R.S. 18:1401 et seq., objecting to the candidacy of defendant Peter Castaño for the office of Councilman, District D, of the City of New Orleans. Plaintiff has appealed from a dismissal of his suit. The issue is whether defendant meets the residency requirements of the City Charter to qualify as a candidate in the election.
Section 3-104 of the City Charter provides:
“Candidates for district councilman shall have been residents of the district from which elected for at least two years immediately preceding their election.” '
We find the essential facts to be as follows: After living in apartments in District D from 1975 forward defendant took a lease on a house in the district at 920 Frenchmen Street in 1977. When he was unable to purchase this house at the end of 1979 he bought a house down the street at 831 Frenchmen. He intended to make this his home but it was in run down condition and needed extensive repairs before defendant could move in.
After moving from 920 Frenchmen in December, 1979, defendant, a bachelor, spent his nights for the next three months with various friends. During this period he also spent five or six nights monthly at 831 Frenchmen. In the meantime he had purchased a house at 4209 Canal Street, outside of the district, which he was converting into law offices. When this project was completed in April, 1980, defendant started on the repair of 831 Frenchmen[1] and defendant began to stay overnight in a room behind the law offices. When the Frenchmen Street project is complete this room is to be converted into defendant’s private law office. At the time of the trial only the heating and air conditioning remained to be installed at 831 Frenchmen Street.
In Hall v. Godchaux, 149 La. 733, 90 So. 145 (1921) the court said:
“... However, we think that he is required to maintain such a relation with the place or premises so selected as will entitle him at his will, and without making new arrangements therefor upon each return, to occupy such place whenever his necessities or pleasure require, and this without having to ask the permission of someone else.”
Defendant’s furniture is at 831 Frenchmen and he may occupy those premises anytime. The mere fact that he prefers to spend his nights in what one witness described as a “shabby little room in the back of his office” until the work at his house on Frenchmen Street is complete does not preclude its classification as a residence.
In support of his position, however, plaintiff point to these facts: In the telephone directory his residence as well as his office *951 is listed at 4209 Canal Street. The records of the Registrar of Voters still show his address at 920 Frenchmen — not 831; his driver’s license shows two addresses, 920 Frenchmen and 1440 Canal Street (which was the address of his law office before he moved to 4209 Canal); and he has not filed application for a homestead exemption at 831 Frenchmen.
Overlooking for the moment that these facts do not refute the classification of 831 Frenchmen as defendant’s residence under the language quoted alone from the Hall case, defendant explained that the retention of 920 Frenchmen Street as his address on voting records and driver's license was due to simple inadvertence and that he did not file for the homestead exemption on 831 Frenchmen Street because he could not reside there on a permanent full time basis until the renovation work was completed.
As to the residential listing in the telephone directory at 4209 Canal Street it is significant that this telephone number is the same number defendant had at 920 Frenchmen Street even though 4209 Canal Street is in a different telephone exchange. Defendant must pay a “mileage” rate of $23 per month for this privilege and he testified that his purpose is to keep the same number without interruption at 831 Frenchmen as he had at 920 Frenchmen.
In most of our past election contests on domicile, e. g., Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir. 1975), Mix v. Alexander, 318 So.2d 130 (La.App. 4th Cir. 1975) and Mix v Blanchard, 318 So.2d 125 (La.App. 4th Cir. 1975) and those on residence, e. g., Brown v. Democratic. Com. Court of App., Fourth Cir., 238 So.2d 48 (La.App. 4th Cir. 1970) and Stavis v. Engler, 202 So.2d 672 (La.App. 4th Cir. 1967), there were competing facts on which strong arguments could be made to conclude that the contestee’s domicile or residence was at one address or the other. But in the present case there seems to be little support to conclude otherwise but that 831 Frenchmen Street is defendant’s only residence and domicile. The only alternate address advanced by plaintiff is 4209 Canal Street and this, as defendant’s law office, is nothing more than a convenient place for defendant to sleep while his residence is being repaired.
The judgment appealed from is affirmed.
AFFIRMED.

. Defendant had arranged for the same contractor to start on 831 Frenchmen as soon as he finished Canal Street. Everyone anticipated that Canal Street would be completed in February. Because of a fire next door the Canal Street work was delayed until April when it was too late for the contractor to start Frenchmen Street due to other commitments.