Dear Mr. Jones:
This office is in receipt of your request for an opinion of the Attorney General in regard to residency and qualification to seek office. You indicate there is an individual in Jonesboro who is considering candidacy for Sheriff of Jackson Parish, and the individual in question has lived in Louisiana for more than two years. However, you further related that his primary residence since August, 2001 has been a home in Ouachita Parish owned by his wife, her mother, and her brother jointly, but he and his wife did not claim the homestead exemption for 2002 inasmuch as they felt that was not proper, and it would appear they were residents for the entire year. This individual and his wife own a rental dwelling in Jackson Parish which he and his wife are occupying as their place of residence and voting since the former lessee has moved. The Assessor states they are unable to claim the homestead exemption for 2002 due to the fact it was rented as of January 1, 2002.
Based upon the related facts you ask the following question:
 1. Will the candidate's inability to claim the homestead exemption for 2002 for the Jackson Parish dwelling affect his residency requirement as it applies to his qualification to seek the office of Sheriff in 2003?
You state the individual's wife works in Monroe, Louisiana, and spends some nights in the Monroe house in Ouachita Parish. You ask as follows:
 2. If the candidate spends some nights in the dwelling in Ouachita Parish does that affect his residency as it applies to his qualification to seek the office of Sheriff?
You indicate the individual is a nursing home administrator/consultant, and is temporarily working in Caddo Parish in a Shreveport nursing facility where he is provided an apartment for those nights he does not want to drive from Jonesboro to Shreveport and return each day, and his next consulting job may take him temporarily to another city. You ask the following:
 3. Will his inability to spend each and every night in Jackson Parish dwelling due to his temporary employment affect his residency as it applies to his qualification to seek the office of Sheriff?
We find R.S. 18:451.2 pertinent to your inquiry wherein it provides as follows:
 At the time he files his notice of candidacy, a candidate for sheriff, tax assessor, or clerk of court shall have resided in the state for the preceding two years and shall have been actually domiciled for the preceding year in the parish from which he seeks election. The provisions of this Section shall not affect persons holding office on August 15, 1999.
With regard to your observation that the individual in question did not claim the homestead exemption on the property in Ouachita Parish which has been his primary residence and owned jointly by his wife, her mother and brother as he felt that ethically it was not proper, and that the appearance would exist that they were residents of Ouachita Parish for the entire year, we must note that this conclusion ignores the fact that he would not be eligible for the homestead exemption. This office has rendered numerous opinions that a homestead exemption cannot be taken on property held in division, or when the residence is not occupied by a deceased owners surviving spouse or minor children. Atty. Gen. Op. 00-321.
The failure to qualify at this time for the homestead exemption at the residence in Jackson Parish is not the determining factor for the qualification for candidacy for sheriff of the Parish. While this office has recognized when an individual claims a homestead exemption he shall register and vote where that residence is located, we do not find obtaining the homestead exemption is necessary to register and vote at that location in Jackson Parish as his domicile or would affect his ability to qualify as a candidate for the office of sheriff. What will affect his qualifications for office of sheriff in Jackson Parish is whether or not he has been actually domiciled in Jackson Parish one year prior to qualifying.
In response to your question if spending some nights in Ouachita Parish with his wife who occasionally stays there in connection with her work affects his residency, we do not find that would affect his residency or qualification for seeking office in Jackson Parish if that is the location of his domicile for the year preceding qualification in August, 2003. This office has recognized that an individual can have more than one residence but only one domicile which is the person's principal place of residence and where he intends to remain.
Proof of intent shall depend upon the circumstances which includes where a person sleeps, takes his meals, has his household and surrounds himself with family and comforts of domestic life. Pattan v. Fields,669 So.2d 1233 (La.App. 1 Cir. 1995).
The inability to spend every night in the dwelling in Jackson Parish does not affect the location of one's domicile. What is important is the intention to return. In Carrere v. Castano, 395 So.2d 949 (La.App. 4 Cir. 1981) the court found temporary and involuntary absence from one's home is not sufficient cause for him to lose it as a place of residence.
Nevertheless, we must mention that the Election Code allows any registered voter to bring an action objecting to the candidacy of a person for failure to meet the qualifications for the office he seeks. R.S. 18:491 et seq. A court of competent jurisdiction is responsible for deciding whether or not the candidate qualifies according to law.
We hope this sufficiently answers all of your questions, but if we can be of further assistance do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: July 30, 2002