| .WEIMER, J.,
concurring.
I concur in the result reached by the majority because I believe the dissent by *1044 Judge Parro avoids an anomaly that would exist if either of these attorneys were to prevail in the primary election, but would not be qualified for the office “previous to his election.” See LSA-R.S. 13:2487.2.
However, I am of the opinion that this case should have been docketed for a full opinion after oral argument in light of the conflict that exists between this case and Cook v. Campbell, 360 So.2d 1193 (La.App. 2 Cir.), writ denied, 362 So.2d 573 (1978).[1] Although the majority distinguishes the two cases, we are left with the dichotomy of having a candidate for a statutorily created judgeship being required to be qualified by the time of the primary election while a candidate for a constitutionally constituted judgeship need not be qualified until the time of the general election.

. The writ denial in Cook stated there was "no error of law in the reasons stated by the Court of Appeal." See also Jory v. Arnette, 360 So.2d 921 (La.App. 3.1978), writ denied, 361 So.2d 1206 (La.1978). The writ denial in Jory stated the result was correct for the reasons stated in Cook.