459 So.2d 66 (1984)
STATE of Louisiana, Appellee,
v.
Kenneth R. DALEY, Appellant.
No. 16478-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
Rehearing Denied November 29, 1984.
Writ Denied February 4, 1985.
*68 Mary A. Brown and Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard L. Carney, John A. Broadwell, Shreveport, for appellee.
Before HALL, MARVIN, and SEXTON, JJ.
HALL, Judge.
The defendant, Kenneth R. Daley, appeals his conviction and sentence for Possession of a Schedule II Controlled Dangerous Substance, cocaine, contrary to the provisions of LSA-R.S. 40:967. The defendant was sentenced to serve 18 months at hard labor. Pursuant to a plea bargain agreement with the state, the defendant pled guilty to possession of cocaine, reserving his right to appeal the trial court's denial of his motion to suppress under the authority of State v. Crosby, 338 So.2d 584 (La.1976). Finding no merit in the defendant's assignments of error, we affirm.
The Facts
On May 19, 1983, Officer T.L. Hardin of the Shreveport Police Department was traveling westbound in the 400 block of Milam Street in Shreveport when he observed the defendant get out of the passenger side of a vehicle that was parked on the south side of Milam at the intersection of Marshall Street. Officer Hardin observed the defendant walk around to the driver's side, open the door, obtain a brown attache case, and place a large caliber pistol in the case. Officer Hardin testified that he then observed the defendant proceed westbound *69 on Milam on foot while carrying the case. Officer Hardin attempted to follow the defendant, but due to traffic, he had to circle the block causing him to lose sight of the defendant.
Officer Hardin radioed for assistance. The officer then parked his car and was joined by Officer M.F. Head. Officers Hardin and Head then proceeded to walk down Milam Street until they located the defendant in Rick's Rings N' Things, a store on Milam Street.
Officer Hardin approached the defendant and asked for his identification and additionally asked him if he could see the weapon which he had observed the defendant place in the attache case. Not having the gun with him, the defendant led the officers to a van parked on Marshall Street. The defendant opened the van, retrieved a briefcase, then showed the officers the pistol. After a check was run on the gun, it was discovered that the weapon was stolen. The defendant stated to the two officers that he had purchased the gun from an unknown black male behind Guys & Dolls for $150.
At the time the report came back that the weapon was stolen, Officer Hardin was required to leave the scene; however, Detective C.A. Lewis of the Shreveport Police Department arrived at the scene as Officer Hardin was leaving. At this point, Detective Lewis placed the defendant under arrest and advised the defendant of his Miranda rights.
After the defendant had arrived at the police station, he informed the officers that he had to urinate. However, before allowing the defendant to go to the restroom, the detectives ordered the defendant to empty his pockets. Additionally, the defendant was searched by Detective Lewis. In one of the defendant's rear pockets, a small plastic bag containing white powder was found. Tests results of the substance indicated that the white powdery substance was cocaine. The defendant was then placed under arrest for possession of cocaine.
On appeal, the defendant asserts the following assignments of error:
(1) The trial court erred in denying defendant's motion to suppress statements; and
(2) The trial court erred in imposing an excessive sentence of 18 months imprisonment at hard labor.
Assignment of Error No. 1:
By this assignment, the defendant asserts that the trial court erred in failing to suppress certain statements that he had made upon his arrest and items of physical evidence that had been seized at the police station after his arrest. The defendant asserts that there was no probable cause to arrest the defendant, thus making all statements made and items seized inadmissible due to their unconstitutionality.
The Fourth Amendment to the United States Constitution and Art. 1, § 5 of the Louisiana Constitution protects persons against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. Art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983); State v. Andrishok, 434 So.2d 389 (La.1983).
The principal issues before us center around the legality of the initial stop by the police officers and the probable cause for the defendant's subsequent arrest. Whenever a police officer accosts an individual and restrains his freedom to walk away, he has seized that person, Terry v. Ohio, supra, the Fourth Amendment, and state law require that the seizure be "reasonable". United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); LSA-C.Cr.P. Art. 215.1. Because of the limited nature of seizures less intrusive than a traditional arrest, stops of the sort in the present case may be justified on facts that do not amount to the probable cause required for an arrest. Instead, the conduct involved must be tested *70 by the Fourth Amendment's general prescription against unreasonable searches and seizures. Terry v. Ohio, supra; State v. Flowers, 441 So.2d 707 (La.1983).
Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. LSA-C. Cr.P. Art. 215.1; State v. Belton, supra; State v. Andrishok, supra.
The totality of the circumstances must be considered in determining whether reasonable cause exists. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
A review of the facts in the present case indicates that when the officers stopped and questioned the defendant one of the officers, Officer Hardin, had observed the defendant conceal a weapon inside an attache case. The actions of the defendant in concealing the weapon, contrary to law, justifies the questioning by the officers. The concealment of the weapon by the defendant gave reasonable suspicion to the officers that a crime had been committed in concealing the weapon and, additionally, that the defendant may have intentions of committing some other violent crime in the area. Therefore, we find that the stop of the defendant by the police officers was based upon reasonable suspicion as required by LSA-C.Cr.P. Art. 215.1 and both state and federal constitutions.
Next, it must be determined whether the subsequent arrest of the defendant for illegal possession of stolen things was based upon probable cause. Probable cause to arrest without a warrant exists when the facts and circumstances within the officer's knowledge, or of which he had reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Ruffin, 448 So.2d 1274 (La.1984); State v. Edwards, 406 So.2d 1331 (La.1981).
In the present case, the defendant was placed under arrest when the officers received information from police headquarters that the gun found in the possession of the defendant had in fact been reported stolen. Therefore, it is apparent that the officers had reasonably trustworthy information to justify a belief that defendant had committed a crime. Therefore, we find that the officers had probable cause to make the arrest of the defendant.
Subsequent to the arrest, the defendant was transported to the Shreveport Police Department. Upon arrival at the police station, the defendant stated that he had to urinate badly. Defendant was told that before he would be allowed to go to the restroom he would have to remove all items from his pockets and that he would be searched. Upon searching the defendant, Detective C.A. Lewis discovered in the defendant's right rear pocket a small plasticene envelope. The defendant was then additionally charged with possession of cocaine.
A search incident to arrest is a recognized exception to the rule that a warrantless search is unreasonable. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Ruffin, supra. The justification for the warrantless search of a person arrested for a crime is based upon exigency of removing any weapons and of preserving any evidence in immediate reach of the arrested person. State v. Gibson, 391 So.2d 421 (La.1980). Additionally, confiscation of an arrestee's property at the time he is booked on a charge is authorized under Louisiana law. LSA-C. Cr.P. Art. 228; State v. Duplantis, 388 So.2d 751 (La.1980). Having found that the police did have probable cause to arrest *71 the defendant, the subsequent search of the defendant at the police station falls within the well-recognized exception for searches incident to arrest and booking.
Having found no constitutional or statutory violations of the defendant's rights, we find no error in the trial court's denial of the motion to suppress. Therefore, this assignment of error is without merit.
Assignment of Error No. 2:
By this assignment, the defendant asserts that the trial court erred in imposing an excessive sentence of 18 months imprisonment at hard labor. The defendant contends that the conclusions reached by the trial court were not supported by the facts in that the facts considered by the court were highly speculative in nature and that the trial court did not give sufficient weight to various mitigating factors. Therefore, the defendant argues that the sentence imposed was excessive in violation of Art. 1, § 20 of the Louisiana Constitution.
A sentence is constitutionally excessive in violation of Art. 1, § 20 of the Louisiana Constitution if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). Additionally, it is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983).
In the present case, the defendant was sentenced to 18 months at hard labor for possession of cocaine. The maximum penalty for possession of cocaine under LSA-R.S. 40:967 is five years at hard labor and/or a fine of not more than $5,000.
At the sentencing hearing, the judge indicated that he had reviewed the defendant's pre-sentence investigation report. The report indicated that the defendant had no prior criminal record. The court noted, however, that the charge of receiving stolen goods was dismissed in accordance with the defendant's plea bargain agreement with the state. Further, the defendant had pending a charge of simple burglary of an inhabited dwelling. Therefore, the trial court found that there was an undue risk that, during a period of suspended sentence or probation, the defendant would commit other crimes because the defendant was in the process of attempting to sell or pawn items that had been stolen and because the defendant admitted to regular use of controlled dangerous substances. The court found that the defendant was in need of correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of the defendant's offense. It was also the trial court's opinion that controlled dangerous substances threatened serious harm.
The defendant takes issue with the trial court's finding that the appellant's offense threatened to cause serious harm. The defendant asserts that there was no factual support at all for holding that the defendant has threatened harm in any way and that it was improper for the trial judge to interject its personal belief about the substance involved in this case. The trial court found that the offense did not directly attribute to causing serious harm, but noted that dangerous substances are just that, and that the matter of their harm was controlled by the legislature. It is not improper for a trial judge to take into account public concerns in imposing sentence as long as the sentence is particularized to the defendant. The threat of harm to society of the use of controlled dangerous substances is a proper factor to consider in particularizing the sentence to the defendant.
Next, the defendant asserts that the trial court erred in considering the fact that the charge of receiving stolen goods was dismissed and that the defendant had a pending charge of simple burglary of an inhabited dwelling. This contention *72 is without merit. Any and all relevant factors can and should be taken into account by the trial court. The aim of LSA-C.Cr.P. Art. 894.1 is to make the punishment fit the criminal as well as the crime. To meet that ideal, a trial judge must consider every circumstance surrounding the offense, including the plea bargaining. To do otherwise would be to ignore clearly relevant information which has an important bearing on the true nature of the defendant's conduct and the type of punishment most appropriate for that conduct. See State v. Lanclos, 419 So.2d 475 (La. 1982).
Third, the defendant asserts that the trial court erred in speculating that the defendant was attempting to pawn stolen merchandise when stopped by the police. The defendant asserts that there was no basis in the record to substantiate this statement by the court. A review of the record supports defendant's assertion that there was no evidence in the record to indicate that the defendant was attempting to pawn the stolen weapon. However, we do not find this to be reversible error since this was but one of many considerations articulated by the court in sentencing the defendant for possession of cocaine. LSA-C.Cr.P. Art. 921.
We find that the trial court adequately complied with the guidelines set forth in LSA-C.Cr.P. Art. 894.1. We further find that the record reflects that the trial court did adequately consider these guidelines in particularizing the sentence to the defendant. The sentence imposed does not appear to be out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. Therefore, this assignment of error is without merit.
Decree
Finding no error by the trial court, the defendant's conviction and sentence are affirmed.
Affirmed.