NORRIS, Judge.
Defendant, David L. Hamilton, was charged with aggravated burglary[1] and attempted second degree murder.[2] A jury convicted him of aggravated burglary and aggravated battery.[3] Thereafter, he was charged as and found by the court to be a third felony offender.[4] The trial judge sentenced defendant to serve 45 years at hard labor for aggravated burglary and 10 years at hard labor for aggravated battery. Additionally, the . defendant was sentenced to serve two years at hard labor without benefit of probation, parole, suspénsion of sentence or credit for good time for using a firearm in the commission of a crime. LSA-R.S. 14:95.2. All sentences were ordered to be served consecutively. Defendant appealed his aggravated burglary and aggravated battery convictions and his sentences. He initially assigned 31 errors and thereafter added seven supplemental assignments of error. However, on appeal, defendant briefs only nine assignments of error.[5] On appeal, defendant complains the lower court erred in denying his challenges for cause of prospective jurors, in admonishing and threatening defense counsel with contempt in the jury’s presence, in overruling his motion for mistrial, in denying him full voir dire examination, and in imposing consecutive and excessive sentences. Finding no reversible error, we affirm defendant’s convictions and sentences.
FACTS
On March 16,1984, the defendant and his brother, Johnnie Hamilton, drove to the home of Roland Liles, located in Shreveport, Louisiana, with the intent to burglarize the Liles residence. They parked their vehicle in Liles’ driveway and used a hammer to break a glass sliding door 'for entry into the residence. Johnnie was carrying a microwave oven out of the house when Liles, returning from an overnight fishing trip, pulled into the driveway in his pickup truck. Johnnie dropped the goods and ran. Liles, upon observing the strange car, fleeing man, and broken door, grabbed a pistol from his truck, ran toward the end of his house, shouted at the man to stop and then fired a warning shot into the air. Almost simultaneously with the firing of the shot, Liles spotted a figure in the front door of his home. He shouted twice for that person to come out; the intruder emerged from the front door and fired a shot which grazed Liles’ head. The second man, who was the defendant, then fled the scene and was captured a few minutes later at a florist shop several blocks from the Liles home.
At trial, defendant admitted his participation in the burglary. However, he maintained he was seated in the car when Liles drove up and began shooting. Defendant contended that Mr. Liles’ arrival had placed him in fear of his life so he ran into the house to seek refuge, armed himself with a pistol he found in the bedroom, ran to the front door, and then shot in the air only to scare Liles. Defendant contended Liles was wounded when he stumbled into the door of his truck.
After hearing all the evidence, the jury convicted defendant of aggravated burglary and of aggravated battery, which is a responsive verdict to the charge of attempted second degree murder. LSA-C. Cr.P. art. 814 A(4).
*137 ASSIGNMENT OF ERROR NO. 5 and SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 1
In these assignments of error, defendant complains that the lower court erred in sustaining the state’s objections to defense counsel’s attempted explanation to prospective jurors of the circumstantial evidence rule of law and to his attempt to discuss with prospective jurors the concept of general criminal intent.
With regard to assignment number 5, the record shows that defense counsel was discussing with prospective juror Campbell the burden of proof with reference to circumstantial evidence. Defense counsel indicated that the burden of proof in such instance would be a heavier burden. The state objected on the basis that defense counsel had incorrectly stated the law; it requested the court to clarify the' rule. The trial judge sustained the objection and informed the jurors that he would instruct them on the law of the case, including circumstantial evidence, at the close of the trial. Defense counsel did not object to this ruling but merely proceeded to begin questioning another prospective juror.
Supplemental assignment of error number 1 arose when defense counsel was discussing with the prospective jurors the attempted second degree murder charge and was reading to them portions of certain statutes including the criminal intent statute of the criminal code. When he attempted to read the definition of general criminal intent, the state objected on the grounds of relevancy. The court sustained the objection stating that it intended to charge the jury only as to specific criminal intent on that charge, attempted second degree murder. Again, defense counsel did not object to the court’s ruling but proceeded immediately to a discussion of the aggravated burglary charge.[6] The failure of the defense to object to the court’s rulings giving rise to these assignments of error precludes the defendant from urging them for the first time on appeal. LSA-C.Cr.P. art. 841; State v. Simmons, 422 So.2d 138 (La. 1982).
These assignments of error are without merit.
ASSIGNMENTS OF ERROR NOS. 6, 7, and SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 3
By these assignments, the defendant contends that the trial court erred by denying its challenges for cause aimed at prospective jurors Marjorie Wilson, Melethel Campbell and Joseph Cobb. In each situation, defense counsel challenged the prospective juror for cause. Each challenge was denied; defense counsel made no objection but simply exercised a peremptory challenge.
LSA-C.Cr.P. art. 800, as amended in 1983, provides in pertinent part:
A. A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of the objection.
B. * * * (emphasis supplied)
The effective date of the amendment was August 30, 1983. The amended version of article 800 applies to this trial. State v. Wilson, 469 So.2d 1087 (La.App. 2d Cir.1985), writ denied 475 So.2d 778 (La.1985). Under the clear language of article 800 A a defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him unless he objects at the time of the ruling. The record is clear that in the instant case defendant did not object to the rulings denying the challenges for cause. Thus, these three assignments of error have not been properly preserved for appellate review. LSA-C.Cr.P. art. 800 A; State v. Wilson, supra. Moreover, our examination of the voir dire examination as a whole does not indicate an abuse of discretion by the trial judge in denying those *138 three challenges for cause. Each prospective juror demonstrated an ability to decide the case impartially according to the law and the evidence. State v. Nix, 327 So.2d 301 (La.1976); State v. Monroe, 366 So.2d 1345 (La.1978); State v. Pettaway, 450 So.2d 1345 (La.App. 2d Cir.1984), writ denied 456 So.2d 171 (La.1984); State v. Wilson, supra.
These assignments of error lack merit.
ASSIGNMENTS OF ERROR NOS. 24 and 26
In these assignments, defendant complains that the conduct, remarks, and rulings of the trial judge on two specific occasions and generally throughout the trial unduly prejudiced defendant making it impossible for him to receive a fair trial. The morning after the specific incidents occurred, defense, counsel moved for a mistrial based on these incidents. The motion was denied and defendant assigns this ruling as error.
The first specific incident occurred while the defendant was on the stand under direct examination. Defense counsel attempted to ask defendant about his past conviction record. The state objected and the court sustained the objection; there was a bench conference about the question. Shortly afterward, defense counsel repeated the question, and the state objected. The court again sustained the objection and added,
after the conference at the bench where the court told counsel that that would be an improper question and after just sustaining an objection before that, any further attempt will result in a contempt of court hearing. Now, proceed and follow the instructions of the court.
Defense counsel did not object in any way but merely replied, “no further questions.” [7]
The second incident arose out of a bench conference during which defendant contends the trial judge got upset, criticized defense counsel and talked loud enough for the jury “possibly” to hear. This incident was referred to by defense counsel in the record the next day when he moved for a mistrial. After the mistrial motion, the judge brought in the jury and asked if any juror had overheard the bench conference. One juror raised her hand. After the other jurors were removed, she explained what she had heard:
Mainly, it was just arguing. I really didn’t hear the words, I just heard arguing. It sounded like you were mad at both attorneys.
Concluding that the bench conference did not prejudice the jury, the court denied the motion for mistrial. It also denied the motion insofar as it was based on the first incident.
The defendant contends that the trial judge’s admonishment in connection with the first incident amounted to a prohibited comment on the evidence, LSA-C.Cr.P. art. 772; and that both incidents amounted to prejudicial conduct against defense counsel that impaired defendant’s right to a fair trial.
Defendant’s reliance on art. 772 is misplaced. There was no improper judicial comment on the evidence.
We recognize, however, that essential to the concept of a fair trial is the requirement of complete neutrality on the part of the presiding judge. State v. Hammler, 312 So.2d 306 (La.1975); State v. Johnson, 438 So.2d 1091 (La.1983). A trial judge’s disparaging remarks or intemperate criticism of defense counsel may constitute reversible error when such remarks adversely influence and prejudice the jury against the defendant. State v. Hammler, supra; State v. Johnson, supra. However, in order to constitute reversible error, the effect of the improper comments must be such as to have influenced the jury and contributed *139 to the verdict. State v. Hammler, supra; State v. Gallow, 338 So.2d 920 (La.1976).
In the instant case, neither incident rose to such a level as to affect the availability to defendant of a fair and impartial trial or to prejudice defendant in any significant manner whatsoever.[8] Moreover, a review of the entire record does not reveal conduct by the trial judge of such a nature as to prejudice defendant’s right to a fair trial.
We likewise find that the trial judge did not commit reversible error in refusing to grant a mistrial. A mistrial may be ordered when prejudicial conduct inside the courtroom makes it impossible for a defendant to obtain a fair trial or when a remark made by the judge, not within the scope of LSA-C.Cr.P. art. 770, may create prejudice and cannot be cured by admonition. LSA-C.Cr.P. arts. 775, 771. However, a mistrial is a drastic remedy and should be declared only when unneccessary prejudice results to the accused. State v. Alexander, 351 So.2d 505 (La.1977); State v. Smith, 430 So.2d 31 (La.1983). The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. Haynes, 339 So.2d 328 (La.1976).
We find no abuse of discretion by the trial court’s refusing to grant a mistrial in the instant case.
These assignments do not merit reversal.
SUPPLEMENTAL ASSIGNMENTS OF ERROR NOS. 6 and 7
By these assignments, defendant contends the trial court erred by ordering the sentences imposed to be served consecutively and by imposing excessive sentences. Defendant does not contend that the trial court erred in adjudicating him a third felony offender; he admits that the trial judge adequately complied with LSA-C.Cr.P. art. 894.1 and concedes that the individual sentences may not be excessive. However, he contends that when the sentences are run consecutively, the total of 57 years amounts to nothing more than an unconstitutional and needless imposition of pain and suffering.
A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentences imposed will not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Molinario, 400 So.2d 596 (La.1981). While it is true that as a general rule sentences served for crimes arising out of a single course of conduct are served concurrently instead of consecutively,[9] neither the Louisiana Supreme Court nor this court has ever held that consecutive sentences are necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Webster, 427 So.2d 1324 (La.App.2d Cir.1983), writ denied 434 So.2d 1093 (La.1983). The trial court is given general sentencing guidelines in LSA-C. Cr.P. art. 894.1. That article requires the court to state for the record the considerations and bases for the sentence. Here, as defendant admits, the sentencing judge adequately complied with 894.1. In giving his reasons for sentencing, the court noted that defendant had an extreme criminal record, that he had been adjudged a third felony offender on the aggravated burglary charge, and that he had committed the instant crimes while out on bond awaiting trial for multiple counts of burglary pending in an adjoining parish. In discussing the mitigating factors, ⅛ court noted only one that applied to some extent: imprisonment would entail some hardship to defendant’s dependents. Defendant has pointed to no other mitigating factors that the court failed to consider. The court further pointed out the serious nature of the offenses and the harm caused to the victim.
This third felony offender defendant could have received a total sentence of 72 *140 years at hard labor and a fine of $5000 under the applicable statutes considered by the sentencing judge. LSA-R.S. 14:60; 15:529. lA(2)(a); 14:34; 14:95.2. Two of these years would have been without benefit of probation, parole, suspension of sentence or credit for good time and would have had to run consecutive. LSA-R.S. 14:95.2. Additionally, the sentencing judge could have applied LSA-C.Cr.P. art. 893.-I.[10] Thus, out of a possible 72 years at hard labor and a $5000 fine, this defendant received 57 years at hard labor, two of which are required to be without benefit of parole, probation, suspension of sentence or credit for good time and to run consecutively.
Due to this defendant’s repeated criminality over an extended period of time, his apparent disregard for the property rights and safety of others, and due to the violent nature of the crime for which he is being sentenced, the trial judge did not abuse his discretion in making the enhanced sentence for aggravated burglary consecutive with the aggravated battery sentence and the sentence imposed under 14:95.2. State v. Williams, 445 So.2d 1171 (La.1984).
CONVICTIONS AND SENTENCES AFFIRMED.
Before MARVIN, JASPER E. JONES, FRED W. JONES, Jr., SEXTON and NORRIS, JJ.

. LSA-R.S. 14:60

. LSA-R.S. 14:27 and 14:30.1

. LSA-R.S. 14:34

. LSA-R.S. 15:529.1

. Assignments of error not briefed or argued on appeal are deemed abandoned. URCA — Rule 2-12.4; State v. Domingue, 298 So.2d 723 (La.1974). Assignments of error 1 — 4, 8 — 24, 25, 27 — 31 and supplemental assignments 2, 4 and 5 fall into this category and are considered abandoned.

. Defense counsel admitted at the end of trial that the court's jury charge, which is not included in the record, was acceptable to the defense since it either included or incorporated all the special requested charges.

. The propriety of the court’s ruling was not objected to and is not an issue on appeal. The nature of the question that the state objected to suggests that the state’s position was well founded. LSA-R.S. 15:484. In any event, the court had made it clear to defense counsel that he was not to ask that particular question.

. See State v. Duplessis, 457 So.2d 604 (La.1984) for an example of prosecutorial and judicial misconduct that rises to the level of reversible error.

. LSA-C.Cr.P. art. 883.

. LSA-C.Cr.P. art. 893.1 provides:
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.