514 So.2d 1206 (1987)
STATE of Louisiana, Appellee,
v.
Jerry L. HAYNES, Appellant.
No. 19158-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1987.
*1208 Hunter, Scott, Blue, Johnson & Ross by Robert C. Johnson, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Marcus R. Clark, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, C.J., and MARVIN and NORRIS, JJ.
HALL, Chief Judge.
Defendant, Jerry Lenal Haynes, appeals his conviction for possession of phencyclidine (PCP) in violation of LSA-R.S. 40:966. The defendant was convicted unanimously by a twelve person jury and sentenced to seven years at hard labor. Defendant appeals and has assigned seven errors for review. Finding these assignments to have no merit, we affirm.
On July 27, 1986 at approximately 12:42 a.m., Louisiana State Trooper Powdrill noticed the defendant driving 35 miles per hour southbound in a 50 mile per hour speed zone on Louisiana Highway 165. She noticed that the defendant was driving very erratic which included weaving across both lanes of traffic and onto the shoulder several times. The defendant ignored the trooper's red warning lights, flashing bright lights, and the spotlight pointed at him. Defendant continued to drive until the trooper pulled along side the defendant's vehicle. Defendant stopped his vehicle in the middle of two lanes of travel on an overpass. The trooper stopped approximately a half car length behind the defendant at an angle with her headlights and spotlights shining readily on the defendant's vehicle. The trooper requested that the defendant exit his vehicle. Defendant ignored the request and at that point the trooper called for a back-up unit which arrived shortly thereafter. When the back-up unit arrived the trooper again shouted for the defendant to exit his vehicle. Defendant exited the vehicle using slow trudging motions. The trooper then noticed that defendant had a brown bottle in his left hand. At this time the trooper ordered him to put the bottle down. Defendant placed the bottle on the car. The defendant appeared glassy eyed and intoxicated. Defendant failed a field sobriety test and could not recite his ABC's. At that point defendant was arrested for driving while intoxicated and a narcotics officer was called to check the composition of the brown bottle.
Officer Kirk Petterson of the Metro Narcotics Unit arrived on the scene and recognized the brown bottle as being the type of bottle in which phencyclidine is usually transported. The officer also smelled the contents and determined that it probably was phencyclidine. Officer Petterson noticed a brown paper bag on the hump of the front seat of defendant's vehicle. This bag was facing towards the driver and open so that the contents were visible. This bag contained Sherman cigarettes, plastic wrap and tinfoil which are used to traffic phencyclidine.
At some point an inventory search was conducted and a list compiled of all the items contained in defendant's vehicle.
Assignment of Error No. 1
Defendant contends that the trial court erred in not suppressing the evidence obtained from his stop and arrest since the stop was not based upon reasonable suspicion and the arrest was not based on probable cause, and no exception to the warrant requirement existed.
The Fourth Amendment to the United States Constitution and LSA-La.Const. Art. 1 § 5 protects persons against unreasonable searches and seizures. State v. Daley, 459 So.2d 66, 69 (La.App. 2d Cir. *1209 1984) writ denied 462 So.2d 1264 (La.1985). This includes seizures that involve only a brief detention short of the traditional arrest. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979); Terry v. Ohio, 392 U.S. 1, 16-19, 88 S.Ct. 1868, 1877-1878, 20 L.Ed.2d 889 (1968). Because of the limited nature of the seizures less intrusive than a traditional arrest, investigative stops may be justified on facts that do not amount to probable cause for an arrest. State v. Flowers, 441 So.2d 707 (La.1983) cert. denied 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984).
According to Flowers, there are at least three inquiries involved in determining whether a seizure was a valid investigatory stop:
"(a) Whether the intrusion was an arrest or a stop;
(b) Whether the stop was of a type which is reasonable in view of the public interest served and the degree of invasion entailed; and
(c) Whether the particular stop was warranted by a reasonable suspicion based on specific, articulable facts and rational inferences from those facts."
There is no doubt that the initial intrusion was a stop. It is also clear that the public interest is best served by allowing police officers to investigate erratic driving behavior of a motorist on Louisiana highways. The critical issue in this case is whether this particular stop by Officer Powdrill was warranted by a reasonable suspicion based on specific, articulable facts and rational inferences from those facts.
Officer Powdrill testified that she observed the defendant weaving across both lanes of travel and onto the shoulder at least three times. The defendant was driving at an unusually slow speed. The defendant also ignored the trooper's warning lights, flashing bright lights and the spot light which the trooper had pointed at him. The erratic driving behavior alone was enough to arouse the reasonable suspicion to stop the defendant.
While the stop of the defendant is based upon reasonable suspicion, the arrest must be based upon probable cause. Probable cause is determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. State v. Johnson, 422 So.2d 1125 (La.1982). It further exists when the facts and circumstances within the officer's knowledge, or of which he had reasonably trustworthy information, were sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Daley, supra; State v. Hathaway, 411 So.2d 1074 (La. 1982).
There is no doubt that the arrest of the defendant was based upon probable cause. Defendant could barely stand and he was unable to perform the field sobriety test. He was incoherent and he walked and stopped using jerking motions. Defendant could not recite his ABC's. He was totally unable to communicate or function in the ordinary sense. Although defendant did not test positive for alcohol intoxication, the arresting officer was reasonable in believing defendant was intoxicated by being under the influence of alcohol or drugs.
Two groups of items were seized when the defendant was arrested. First, there was a brown bottle which was placed on top of the car by the defendant after he exited the vehicle. Secondly, the officers confiscated items which were inside the automobile in plain view. The state contends that both groups of items were validly seized since they fall within the "plain view" exception to the warrant requirement.
A warrantless search and seizure is presumed unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Talbert, 449 So.2d 446 (La.1984); State v. Hernandez, 410 So.2d 1381, 1383 (La.1982). The burden of proof is upon the State to affirmatively show that one of the exceptions *1210 applies. LSA-C.Cr.P. Art. 703(D); State v. Hernandez, supra.
In State v. Owens, 480 So.2d 826 (La. App. 2d Cir.1985) writ denied 486 So.2d 748, cert. denied ___ U.S. ___, 107 S.Ct. 145, 93 L.Ed.2d 87, this court stated:
"For plain view to apply Coolidge requires (A) a lawful initial intrusion, (B) that the incriminating evidence must be discovered inadvertently, and (C) that it be `immediately apparent' that the item observed is evidence or contraband. The third requirement of plain view as mandated by Coolidge was changed in Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), wherein the court required only that the officer have probable cause to believe that the item observed was evidence or contraband rather than requiring the item observed to be immediately apparent as contraband or evidence. The Brown court stated probable cause to believe the items viewed are evidence or contraband `merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief ... that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such belief be correct or more likely true than false. A `practical non-technical' probability that incriminating evidence is involved is all that is required.' See State v. Camp, 459 So.2d 53 (La.App. 2d Cir. 1984); State v. Huston, 445 So.2d 67 (La.App. 2d Cir.1984); State v. Ray, 471 So.2d 831 (La.App. 2d Cir.1985); State v. Burns, 471 So.2d 949 (La.App. 2d Cir. 1985)."
The prior justification for the initial intrusion was the swerving and weaving of the defendant's automobile on Highway 165. When the defendant exited the vehicle he had a brown bottle in plain view which he placed on top of the vehicle at the request of the officer. There is no doubt that this evidence was discovered inadvertently since the officer had no reason to believe contraband would be in the defendant's hand as he exited the vehicle. The narcotics officer was also reasonable in his belief that this brown bottle contained contraband. This officer was experienced in narcotic violations and knew the type container phencyclidine was transported in. Considering the defendant's unusual behavior and the smell of phencyclidine, Officer Petterson was reasonable in believing the bottle contained contraband or would be useful as evidence and therefore, was justified in seizing the bottle.
The seizure of the other drug paraphernalia found within the car is also covered by the plain view exception. The officers at the scene testified that defendant's vehicle was illuminated by the trooper's vehicle directly behind him. The officers did not have to use their flashlights to see inside the vehicle. On the transmission hump was an open brown bag leaning toward the driver's side of the vehicle. Officer Petterson recognized the plastic wrap, tinfoil and Sherman cigarettes to be items used in the trafficking of phencyclidine and was reasonable in seizing them.
Since the stop and arrest was justified and the items seized were in plain view, this assignment of error has no merit.
Assignment of Error No. 2
Defendant contends that the trial judge erred when he excused prospective juror Curtis Thompson because he lacked a general qualification to serve as a juror.
The court excused Mr. Thompson when he informed the court of his felony conviction which occurred at least twenty-five years prior to this trial. Defendant argues that upon successful completion of state supervision a person is restored to full rights of citizenship under LSA-La. Const. Art. I, § 20, which provides in pertinent part:
"Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."
Defendant suggests that these "full rights" include the right to serve as a juror.[1]
According to LSA-C.Cr.P. Art. 401(A)(5):
*1211 "A. In order to qualify to serve as a juror, a person must:
. . . . .
(5) Not be under indictment for a felony nor have been convicted of a felony for which he has not been pardoned."
Defendant suggests that this provision is unconstitutional since it contradicts LSA-La. Const. Art. 1, § 20. Assuming that defendant has standing to raise this issue, this argument is meritless.
Restoring "full rights of citizenship" upon termination of state or federal supervision under Article I, § 20 does not contemplate restoration of status of innocence nor does it erase the fact of the conviction. See State v. Selmon, 343 So.2d 720 (La. 1977). This section contemplates only the restoration of basic rights of citizenship such as the right to vote, work, or hold public office. State v. Adams, 355 So.2d 917 (La.1978).
The delegates to the constitutional convention specifically dealt with juror qualifications in Art. V, § 33 which provides in pertinent part:
"Section 33. (A) Qualifications. A citizen of the state who has reached the age of majority is eligible to serve as a juror within the parish in which he is domiciled. The legislature may provide additional qualifications. (Emphasis added.)"
Thus, the rights of citizenship accorded convicted felons who have served their sentences by Art. I, § 20 and any right of eligibility to serve as a juror accorded by the constitution to citizens generally were made subject to the authority of the legislature to establish qualifications for jurors. By enacting LSA-C.Cr.P. Art. 401, the legislature, as authorized by Art. V, § 33, provided the "additional qualification" that a juror not have been convicted of a felony, a reasonable qualification to insure lack of partiality, bias or prejudice in the trial of a criminal case.
The prospective juror lacked this qualification provided by law and was properly excused.
This assignment of error is without merit.
Assignment of Error No. 3
The defendant contends that the trial court erred in failing to grant his challenge for cause of prospective jurors, Leslie Tedeton and Terry Crocker.
The state has argued that since defendant used only ten of his twelve peremptory challenges he may not raise this issue. This was the law prior to the 1983 amendment of LSA-C.Cr.P. Art. 800. This article currently provides in pertinent part:
"A. A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection."
The 1983 amendment eliminated the requirement that a defendant must exhaust his peremptory challenges before he can appeal the denial of a challenge for cause. State v. Vanderpool, 493 So.2d 574 (La. 1986); State v. Burge, 498 So.2d 196 (La. App. 1st Cir.1986). The defendant must make an objection at the time of the ruling. State v. Wilson, 469 So.2d 1087 (La.App. 2d Cir.1985) writ denied 475 So.2d 778 (La. 1985); State v. Hamilton, 481 So.2d 135 (La.App. 2d Cir.1985). He must also show that he was prejudiced due to the trial court's ruling. State v. Vanderpool, supra.
The record reveals that the defendant did not object to the trial court's ruling concerning prospective juror Terry Crocker. Therefore LSA-C.Cr.P. Art. 800 defeats *1212 the assignment of error as to that prospective juror. State v. Wilson, supra.
During the questioning of Tedeton, issue was made of his belief concerning drug laws and what weight he would give a police officer's testimony versus that of a civilian. He initially stated that the drug laws were too lenient and needed to be stricter on drug dealers. He further stated that he would believe a police officer over a non-police officer. The trial judge questioned Mr. Tedeton on his beliefs and satisfied himself that these beliefs would not interfere with his ability to render a just verdict based solely upon the evidence presented at trial.
The trial judge is vested with broad discretion in ruling on a challenge for cause and his ruling will not be disturbed on appeal absent a showing of abuse. State v. Monroe, 366 So.2d 1345 (La.1978). A trial judges' refusal to excuse a prospective juror for cause is not an abuse of his discretion, notwithstanding that the juror has voiced an opinion seemingly prejudicial to the defense, where on further inquiry or instruction he has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence. State v. Nix, 327 So.2d 301 (La. 1976), cert. denied in Fulford v. Louisiana, 425 U.S. 954, 96 S.Ct. 1732, 48 L.Ed.2d 198 (1976); State v. Pettaway, 450 So.2d 1345 (La.App. 2d Cir.1984) writ denied 456 So.2d 171 (La.1984); State v. Wilson, supra. There was no abuse of discretion in this instance. This assignment of error is without merit.
Assignments of Error Nos. 4 and 5
Defendant contends that the trial court erred in overruling his objection to Officer Petterson's testimony concerning the street value and the number of cigarettes that could be dipped in the glass container of phencyclidine that was found in defendant's possession. Defendant argues that Officer Petterson's testimony was irrelevant and served only to suggest that defendant was a distributor of drugs who must be punished.
The initial test that is used to determine the admissibility of any evidence is whether that evidence is relevant to the prosecution. State v. Clift, 339 So.2d 755, 760 (La.1976).
According to LSA-R.S. 15:441:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
"It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I ..." LSA-R.S. 40:966C. In order for a person to be convicted of possession of phencyclidine that person must knowingly or intentionally possess the drug. The testimony as to the value and number of "Sherman" cigarettes in defendant's possession was relevant in that it tends to show the nature of the drug and how it is used and that defendant intentionally possessed the drug. This assignment of error is meritless.
Assignment of Error No. 6
Defendant argues that the trial court erred in overruling appellant's objection to Officer Petterson's testimony concerning defendant's demeanor and appearance at the time of the officer's contact with him. Defendant contends that a proper foundation was not laid and that the testimony given was an opinion and not proper for a lay witness.
When the State asked Officer Petterson to describe the defendant's demeanor on that night, defendant failed to object. The State then asked the officer whether he had had a chance to view people in his line of work that were under the influence of PCP, and the officer answered affirmatively. When the State asked the officer what are the symptoms of someone under the influence of PCP, the defendant objected and was overruled. The officer went on to describe the characteristics of someone who was under the influence of PCP and the different effects it may have on different people. The officer described defendant's appearance at the time he was arrested. When the State asked the officer whether the defendant's demeanor at trial *1213 was any different than it was on the night he was arrested, the defendant objected claiming it called for the officer's opinion. The Court overruled the defendant's objection and Officer Petterson stated that the defendant was quite different on the night he was arrested.
Generally speaking, a witness can testify "only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have." LSA-R.S. 15:463; State v. Kahey, 436 So.2d 475, 490 (La. 1983). However, lay witnesses may testify as to their inferences drawn from their personal experiences. State v. Vanderhoff, 415 So.2d 190 (La.1982).
The statements of which the defendant complains are reasonable inferences drawn from the witness's personal observations and experience as a narcotics detective. A proper foundation was laid as to the officer's familiarity with the effects of PCP on persons using it. The testimony was relevant to the issues of knowing and intentional possession and probable cause to arrest. This assignment of error lacks merit.
Assignment of Error No. 7
Defendant contends that the seven year hard labor sentence imposed is excessive in violation of both LSA-C.Cr.P. Art. 894.1 and LSA-La. Const. Art. 1, § 20 (1974).
The sentence imposed is within the 10 year maximum of LSA-R.S. 40:966. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983).
A sentence violates LSA-La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
The trial court gave extensive reasons for defendant's sentence. The court considered the guidelines set forth in LSA-C. Cr.P. Art. 894.1. The court noted that defendant was a third felony offender, having previously been convicted of criminal mischief over $200 and attempted forgery, which had been reduced from two counts of forgery. The court further emphasized that phencyclidine is one of the most dangerous drugs in the United States. The court found that defendant had not benefited from his prior sentences and that he was in need of correctional treatment in a custodial environment that can most effectively be provided by commitment to an institution. The court determined that any sentence less than seven years would deprecate the seriousness of the crime committed.
Defendant argues that the trial court put too much emphasis on evidence which tended to show that defendant was a drug dealer. The court clearly came to the conclusion that defendant was a drug dealer, which conclusion was justified by the quantity of PCP, Sherman cigarettes and packaging material found in his possession. While defendant was only convicted of possession of phencyclidine, the court properly considered all the circumstances of the crime while sentencing him. The value and quantity of the drug possessed are proper considerations for the court in this case. The sentencing judge is not required to determine sentences in a vacuum. State v. Tully, 430 So.2d 124, 127 (La.App. 2d Cir. 1983) writ denied 435 So.2d 438 (La.1983).
The sentence imposed is not so disproportionate as to shock the sense of justice.
This assignment of error is without merit.
Decree
The conviction and sentence are affirmed.
Affirmed.
NOTES
[1] Defendant's objection to the disqualification of the prospective juror at trial was based on LSA-La. Const. Art. IV, § 5(E)(1) which provides for automatic pardons of first felony offenders. This provision does not apply to convictions prior to the adoption of the 1974 Louisiana Constitution. State v. Baxter, 357 So.2d 271 (La.1978); State v. Harvey, 329 So.2d 731 (La. 1976); State v. Maduell, 326 So.2d 820 (La. 1976); State v. Williams, 326 So.2d 815 (La. 1976). Since Mr. Thompson's conviction was prior to this time, the constitutional article is inapplicable.