I «CARTER, C.J.
Felton Dominique challenges the candidacy of Henry Allen Favorite for Iberville Parish Council Member, District 3. The trial court made factual findings that Favorite resided and was domiciled in District 5 and that Favorite was not a qualified voter in District 3. The court consequently disqualified Favorite as a candidate. Favorite appeals, contending the trial court legally erred in disqualifying him as a candidate and was clearly wrong in making a factual finding that he was not a qualified voter in District 3 at the time he filed his notice of candidacy.
Article II, Section 2-01B of the Iberville Parish home rule charter (the charter) states that a council member “shall be a qualified voter of the district [from] which elected at the time of qualification.” Section 2-01C of the charter provides that a council member “shall have been legally domiciled and shall have actually resided for at least one (1) year immediately preceding the time established by law for qualifying for office in an area which, at the time of qualification, is within the district from which elected.”[1] The failure of a candidate to meet any one of three condi *454 tions, i.e., domicile, residency, and qualification to vote, in the district for which he files a notice of candidacy, disqualifies him.
Residence and domicile are not synonymous. A person can have several residences but only one domicile. Messer v. London, 438 So.2d 546, 547 (La.1983); McClendon v. Bel, 00-2011, p. 6 (La.App. 1 Cir. 9/7/00), 797 So.2d 700, 704; Autin v. Terrebonne, 612 So.2d 107, 108 (La.App. 1 Cir.), writ denied, 604 So.2d 954 (La.1992). Louisiana Civil Code article 38 states that the “domicile of each citizen is in the parish wherein he has his principal establishment.^Principal establishment is defined in article 38 as “that in which he makes his habitual residence.” Article 41 of the Civil Code explains the method by which domicile is changed: “A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principal establishment there.”
The question of domicile is one of intention as well as fact. Where it appears a candidate has changed his domicile, the party seeking to show it has been changed must overcome the legal presumption that it has not been changed by positive and satisfactory proof of (1) establishment of a domicile as a matter of fact (2) with the intention of remaining in the new district and of abandoning the former domicile. Pattern v. Fields, 95-1936, p. 8 (La.App. 1 Cir. 9/26/95), 669 So.2d 1233, 1238, writ denied, 95-2382 (La.9/29/95), 661 So.2d 1341. A change in domicile requires the physical presence of the individual in the new domicile coupled with a present intent to permanently reside in the new domicile. Id., 95-1936 at p. 7, 669 So.2d at 1238.
 Domicile is an issue of fact to be determined on a case-by-case inquiry. Succession of Barnes, 490 So.2d 630, 631 (La.App. 2 Cir.1986). As in any case, the factual findings of the trial court will not be disturbed on appeal unless clearly wrong. Autin v. Terrebonne, 612 So.2d at 108.
Favorite testified that his mother lives in Bayou Goula, in District 3, and that after he married he bought a lot and mobile home on Breaux Street in that area. He also established an automotive repair shop in Bayou Goula. In 1999 Favorite and his wife bought a house on Eli Craig Street in Plaquemine. According to Melissa Bourgoyne, Iberville Parish Registrar of Voters, Eli Craig Street is the dividing 14line between Districts 3 and 5, with one side of the street in District 3 and the other in District 5. Bourgoyne testified that Favorite’s home is on the District 5 side.
Favorite testified that he and his family moved to the house on Eli Craig Street in Plaquemine in 1999, and they have been living there ever since. His sister moved into the trailer in Bayou Goula. He still works at his repair shop in Bayou Goula and spends the night at his mother’s house if he works late. He testified, however, that for the year immediately preceding the qualifying date, his principal place of residence was not in District 3, but was in Plaquemine in District 5 with his family. Favorite testified he used the Eli Craig Street address in Plaquemine on his 2002 tax return and his driver’s license.
In the appellate brief, Favorite’s counsel relies on Favorite’s testimony at the beginning of the hearing that “95 percent of [his] time” was spent in District 3. Favorite also testified initially that he spends the weekends in Plaquemine with his family, but during the week he resides in Bayou Gorda. But when the trial court threatened to issue an instanter subpoena for Mrs. Favorite and question her as to the amount of time Favorite spent with his *455 family, he changed his testimony and admitted that since he “moved to Plaque-mine,” he spends about five nights a week in Plaquemine with his family.
Favorite’s counsel also relies on the facts that Favorite never changed his voter registration from District 3 to District 5 after he moved to Plaquemine (although he did change his homestead exemption in 2002), and that Favorite intends to return to District 3 at some point and build a home on the Breaux Street lot where his sister is now residing. He stated he had not built a house in Bayou Goula because of his personal financial situation, he did not know when he would, |Khe had no financing arranged, he had no house plans, and he had not selected a contractor.
Favorite’s own testimony establishes he moved his residence to Plaquemine, District 5, from Bayou Goula, District 3, in 1999. Dominique’s counsel questioned Favorite about his knowledge of the qualifications for council member:
Q. Before you decided to run for office, did you look at the Home Rule Charter? A. No, I didn’t.
Q. ... Did you know that you had to reside in an area and be domiciled in the area you are running in one year before the qualifying date ... ?
A. No, I didn’t.
Q. And if you had known that, you probably wouldn’t have done it, correct?
A. I couldn’t have done it.
Perhaps most telling is this colloquy between Favorite and the trial court:
Q. Let me ask you this question and I want you to be honest with me. I don’t want to go through this again like I did with the nights of sleeping. Before you decided that you wanted to run for political office in Iberville Parish, before you decided you wanted to run in District 3, before you met with the lawyer and found out where things went bad here, before all of these things, if I asked you this question, where do you live, what would [you] have told me? Before all of this came up, what would you have told me if I said, “Mr. Favorite, where do you live” — what would you have told me?
A. Eli Craig.
We acknowledge that candidacy is favored in order to afford the electorate a choice. McCarter v. Broom, 377 So.2d 383, 384 (La.App. 1 Cir.1979). Laws governing the conduct of elections should be liberally interpreted to promote rather than defeat candidacy. Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051. Any doubt as to the qualifications of a candidate should be resolved in | fifavor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679, 680 (La.1991).
In this case, however, no matter how liberal of an interpretation we give the facts, we cannot say the trial court was clearly wrong in finding that Favorite’s residence and domicile changed from Bayou Goula in District 3 to Plaquemine in District 5 when he bought a home on Eli Craig Street in Plaquemine and moved there with his family in 1999. Because Favorite neither was domiciled nor resided in District 3 for one year immediately preceding August 20, 2003, the trial court was legally correct in disqualifying him as a candidate. Because of our conclusion on the issues of domicile and residence, we need not address Favorite’s second assignment of error, that the trial court erred in declaring that he was not a qualified voter in District 3 at the time he qualified for office.
*456 For the foregoing reasons, the judgment of the trial court is affirmed. Favorite is cast with all costs of this appeal.
AFFIRMED.
FITZSIMMONS, J., concurs with reasons. •
GUIDRY, J., concurs.

. The parties did not introduce a copy of the charter into evidence, but they do not dispute this language from the charter, as set forth in the petition.