STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CE 0701

REGINA RIZZUTTO

VERSUS

LANCE JOSEPH AND HON. AMANDA GROSS THIES,
WEST BATON ROUGE PARISH CLERK OF COURT

Judgment Rendered: **AUG 0 7 2024**

* * * * *

Appealed from the
18th Judicial District Court
Parish of West Baton Rouge, State of Louisiana
No. C1049358

The Honorable Tonya S. Lurry, Judge Presiding

* * * * *

Douglas S. Smith, Jr.
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellee
Regina Rizzutto

Hope L. Harper
New Orleans, Louisiana

Attorney for Defendant/Appellant
Lance C. Joseph

* * * * *

**BEFORE: PENZATO, WOLFE, MILLER, GREENE, AND STROMBERG, JJ.**

stromberg
TPS, J concurs w/o-t reasons by
penzato, J. dissents without reasons.
Wolfe, J. dissents without reasons.

**MILLER, J.**

A mayoral candidate appeals a judgment disqualifying him for the office of Mayor of the City of Port Allen. For the reasons expressed herein, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

On July 17, 2024, through a duly authorized representative, Lance C. Joseph filed a notice of candidacy for the office of Mayor of the City of Port Allen. In the notice of candidacy, Joseph certified that he was a qualified elector of Ward 00, Precinct 15 of West Baton Rouge Parish. Joseph listed 814 North 13th Street in Port Allen as his domicile address.

On Friday, July 26, 2024, Regina Rizzutto filed a verified petition objecting to Joseph's candidacy for the office of Mayor of the City of Port Allen. Rizzutto named Joseph and Amanda Gros Thies, in her official capacity as the Clerk of Court of West Baton Rouge Parish, as defendants to the action. In the petition, Rizzutto alleged Joseph lives and resides at 59210 Island Drive, Plaquemine, Louisiana, in Iberville Parish, where he claims a homestead exemption. She therefore alleged that Joseph does not meet the qualifications for the office he seeks in the primary election and should be disqualified as a candidate. In accordance with the election code, trial of the challenge to Joseph's candidacy was set for July 31, 2024.[1]

Rizzutto and Joseph were the only witnesses to testify at the trial. Rizzutto briefly testified to her residency and registration to vote in Port Allen, and the remainder of the trial was devoted to the testimony of Joseph. Joseph was questioned extensively regarding his properties in Port Allen and Plaquemine. At the conclusion of the trial, the district court found that Rizzutto met her burden of showing that Joseph is not qualified to run for the office of Mayor of the City of Port Allen mainly "because of his homestead exemption that has been claimed in Iberville

---

[1] See La. R.S. 18:1409(A)(1).

2

Parish for well over a decade." The district court signed a judgment that same day declaring Joseph disqualified from candidacy for the office of Mayor of the City of Port Allen and ordered his name stricken from the ballot. Joseph timely appealed the judgment to this court.[2]

## ASSIGNMENTS OF ERROR

In this appeal, Joseph alleges that the district court committed the following errors in rendering judgment disqualifying him from running for the office of Mayor of the City of Port Allen:

1. The District Court erred in finding that Lance Joseph "claimed a homestead exemption" on his Plaquemine, Louisiana residence pursuant to Article VII, Section 20 of the Constitution of Louisiana.

2. The District Court erred in finding that receiving a benefit from a homestead exemption for a residence that is subject to a community property regime that is not within the municipality for which Lance Joseph is seeking election is a ground for disqualification of candidacy under Louisiana Revised Statute 18:492(A).

3. The District Court erred in finding that an incorrect certification on the notice of candidacy "that if he claims a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located," required by Louisiana Revised Statute 18:463(A)(2)(a)(viii), serves as a ground for an objection to candidacy under Louisiana Revised Statute 18:492.

4. The District Court erred in finding that Lance Joseph has not been domiciled in Port Allen, Louisiana for the immediately preceding year as required by Louisiana Revised Statute 33:384.

5. The District Court erred in finding Lance Joseph has not actually resided in Port Allen, Louisiana for at least the immediately preceding year as required by Louisiana Revised Statute 33:384.

6. The District Court erred in admitting Plaintiff's Exhibit B into evidence.

---

[2]See La. R.S. 18:1409(D) ("Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs."). Joseph's motion for appeal was e-filed at 11:23 a.m. on August 1, 2024.

## DISCUSSION

In his sixth assignment of error, Joseph challenges an evidentiary ruling of the district court. If a trial court commits an evidentiary error that interdicts its factfinding process, this court must conduct a *de novo* review. **Wolfe Washauer Construction, LLC v. Dart**, 2022-1241 (La. App. 1st Cir. 12/4/23), 383 So.3d 193, 197. Hence, we will begin our review of this matter with a discussion of that assignment of error.

In objecting to the candidacy of Joseph for the office of Mayor of the City of Port Allen, Rizzutto asserted that Joseph does not meet the qualifications of the office he seeks in the primary election. See La. R.S. 18:492(A)(3). Generally, to qualify for the office of mayor, the candidate must be an elector of the city who has "been domiciled and actually resided" in the city for at least the immediately preceding year prior to qualifying. La. R.S. 33:384. As proof that Joseph was neither domiciled nor actually resided in Port Allen for at least a year prior to qualifying for the office of mayor, Rizzutto offered as Plaintiff's Exhibit B, an unsigned and undated document purporting to have been issued by Randy Sexton, the Assessor of Iberville Parish, attached to which is a document titled "Iberville Parish Assessor 2024 Assessment Listing" that bears the internet address for a property in Iberville Parish on the Iberville Parish Assessor's website. Rizzutto offered Plaintiff's Exhibit B to establish that a homestead exemption exists for the home that Joseph and his wife own in Plaquemine and asked the court to take judicial notice of the evidence. Joseph objected to the evidence on the basis of improper authentication. Observing that the exhibit appeared to be a regularly kept business record of the assessor's office, as it indicates it is from the assessor's website and contains the assessor's name, title, address, and phone number on the first page of the two-page exhibit, the district court allowed the exhibit into evidence over Joseph's objection.

It is well-settled that a trial court is afforded vast discretion with regard to evidentiary rulings, and the court's decision to admit or deny evidence will not be disturbed on appeal absent a clear abuse of that discretion. **Wolfe Washauer Construction, LLC**, 383 So.3d at 198. Though the substance of a document may be considered trustworthy and clearly admissible under the exception to the hearsay rule for public documents, La. Code Evid. art. 803(8), "the rule of authentication evidencing the genuineness of a particular document has always to be satisfied." **Schexnayder v. Gish**, 41,819 (La. App. 2nd Cir. 2/7/07), 948 So.2d 1259, 1264 (quoting **State v. Martin**, 356 So.2d 1370, 1374 (La. 1978)). "[A]n official document may belong to a class clearly admissible, but still the document actually offered must be authenticated as genuinely that which it purports to be." **Martin**, 356 So.2d at 1374.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. La. Code Evid. art. 901. Evidence must either be authenticated as provided in La. Code Evid. art. 901, or it must be self-authenticating. **Wolfe Washauer Construction, LLC**, 383 So.3d at 198. Authentication pursuant to Article 901 generally requires the testimony of a witness with knowledge that the evidence is what it purports to be. No one with such knowledge of Plaintiff's Exhibit B testified at trial in the instant case. Moreover, Plaintiff's Exhibit B does not meet the necessary requirements to be self-authenticating, as it does not contain a seal; it does not contain a signature of an officer or employee in his official capacity; it was not certified as being the original by an officer or employee; nor does it fall within any other class of self-authenticating documents under La. Code Evid. art. 902. See **Wolfe Washauer Construction, LLC**, 383 So.3d at 198.

5

Accordingly, we find the district court abused its discretion in admitting Plaintiff's Exhibit B. Nevertheless, despite the inadmissibility of Plaintiff's Exhibit B, Joseph acknowledged in his testimony that a homestead exemption does exist on the Plaquemine home that he owns with his wife. Therefore, any error in admitting Plaintiff's Exhibit B did not interdict the factfinding process and does not obligate this court to conduct a *de novo* review. **Wolfe Washauer Construction, LLC**, 383 So.3d at 199. Hence, we will now turn our review to Joseph's other assignments of error.

The Louisiana Election Code provides that "[a] person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy." La. R.S. 18:461(A)(1). According to La. R.S. 18:463(A)(1), "[a] notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, his telephone number, his electronic mail address, and the parish, ward, and precinct where he is registered to vote." Paragraph (A)(2) of the same statute further states that the notice of candidacy shall also include a certificate, signed by the candidate, containing nine statements which the candidate must certify. Germane to this case is the eighth statement (identified by the district court as simply "number 8"), whereby a candidate certifies, in pertinent part, that "if he claims a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located."

In this case, documentary evidence was introduced to show that Joseph is registered to vote in West Baton Rouge Parish, and he testified that he votes and has only ever been registered to vote in West Baton Rouge Parish. But as previously discussed, there is a homestead exemption on the home he owns with his wife in Plaquemine, which is located in Iberville Parish. Thus, he is not registered and does

6

not vote in the precinct where he claims the homestead exemption. See La. R.S. 18:463(A)(2)(viii).

In **Deal v. Perkins**, 2022-01212 (La. 8/19/22), 347 So.3d 121, 127, the Louisiana Supreme Court granted certiorari to resolve a split in the circuits regarding whether a candidate should be disqualified for incorrectly certifying on his notice of candidacy "that if he claims a homestead exemption on a residence ..., he is registered and votes in the precinct in which that residence is located." The supreme court ultimately held that such an incorrect certification was not grounds to disqualify a candidate. The court found that "only those false certifications specifically listed in La. R.S. 18:492(A)(5) through (7) constitute grounds for objecting to a candidate."[3] **Deal**, 347 So.3d at 123, 137. As an incorrect certification to number 8 in the list of nine statements to which a candidate certifies in his notice of candidacy is not listed in La. R.S. 18:492, the court held that such an incorrect certification cannot serve as a basis to disqualify a candidate. **Deal**, 347 So.3d at 137.

Hence, according to **Deal**, an incorrect certification in a notice of candidacy that a person is registered to vote in the same place that he claims a homestead exemption would be insufficient to disqualify a candidate from seeking office. Therefore, Joseph's assertion in assignment of error number three is correct. Accordingly, we pretermit consideration of Joseph's first assignment of error, because we find the issue of "claiming" a homestead exemption relates solely to the certifications required in the notice of candidacy under La. R.S. 18:463.

However, while Joseph acknowledged in his testimony that there is a homestead exemption on his Plaquemine home, our review of this matter does not

---

[3]The certifications identified in paragraphs (A)(5) through (A)(7) of La. R.S. 18:492 relate to the owing of any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act or the Code of Governmental Ethics and having filed all federal and state tax returns for the five years immediately preceding qualifying.

end there. In an election contest, the person opposing candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; **Becker v. Dean**, 2003-2493 (La. 9/18/03), 854 So.2d 864, 869. Hence, it is only if Rizzutto made a *prima facie* showing that Joseph is disqualified that the burden of proof would shift to Joseph to show that he is qualified. See **Landiak v. Richmond**, 2005-0758 (La. 3/24/05), 899 So.2d 535, 542.

As discussed by the supreme court in **Deal**, there are three requirements for qualifying for the office of mayor under La. R.S. 33:384. Those requirements are establishing that the candidate: (1) was an elector of the municipality at the time of qualifying; (2) was domiciled in the municipality for at least a year prior to qualifying; and (3) actually resided in the municipality for at least a year prior to qualifying. **Deal**, 347 So.3d at 135.

With respect to being an elector, La. R.S. 18:101, which provides the requirements for registering to vote, states a requirement similar to the certification found in La. R.S. 18:463; that is, if a person claims a homestead exemption on a residence, he shall register and vote in the precinct where the residence is located. See La. R.S. 18:101(B). However, the supreme court in **Deal** found that "[i]n cases where the issue of 'qualified elector' has been raised, courts have looked to whether a candidate's voter registration has been cancelled in determining whether a candidate was not a qualified elector." **Deal**, 347 So.3d at 135-36; see also La. R.S. 18:191, 193, and 198 (regarding the causes and procedures for canceling a voter's registration). In this case, Joseph testified that he registered to vote in West Baton Rouge Parish in 1995, and he has not changed his voter's registration since registering to vote in 1995. The copy of Joseph's voter's registration offered into evidence displays the date of October 24, 1995, and the address 814 North 13th Street, Port Allen. Rizzutto offered no evidence to show that Joseph's voter's

8

registration has ever been cancelled. Thus, she failed to establish a *prima facie* case that Joseph is not an elector of Port Allen.

That leaves for our review whether, in fact, Joseph is domiciled and actually residing in Port Allen. Again, it should be pointed out that the burden rested with Rizzutto to establish that Joseph was neither domiciled nor actually residing in Port Allen. In this case, Rizzutto established that not only does Joseph own a home in Plaquemine, but a homestead exemption exists on the home. Further, Joseph testified that he, his wife, and daughters actually reside in the Plaquemine home. Joseph testified that one of his daughters attends college, but that she "was home for the summer" at the Plaquemine residence at the time of trial. Joseph expressly acknowledged that he and his wife are not separated or estranged.[4] See and compare **State v. Bourgeois**, 2020-00883 (La. 5/13/21), 320 So.3d 1047.[5]

The terms "residence" and "domicile" are legal terms that are not synonymous. **Landiak**, 899 So.2d at 542. Generally, the domicile of a natural person is the place of his habitual residence. La. Civ. Code art. 38. A natural person may reside in several places but may not have more than one domicile. In the absence of habitual residence, any place of residence may be considered one's domicile at the option of persons whose interests are affected. La. Civ. Code art. 39. Spouses may have either a common domicile or separate domiciles. La. Civ. Code art. 40. As a minimum qualification, a candidate who seeks to become an elected official must first be domiciled among the public he wishes to serve. **Gray v.**

---

[4]He further testified that his wife not only lives at the Plaquemine home, but she is also registered to vote in Plaquemine, the address of the Plaquemine home is on her driver's license, and she is a fifty percent owner of the home.

[5]In **Bourgeois**, the defendant was convicted of filing or maintaining a false public record based on falsely representing his domicile on his notice of candidacy. Although the underlying proceedings giving rise to the question of domicile are distinguishable from those herein, in upholding the unanimous jury verdict, the supreme court observed that the evidence supported the jury's conclusion that the defendant's true domicile was where his wife and children lived, such that he "surround[ed] himself with his family and the comforts of domestic life." **Bourgeois**, 320 So.3d at 1051.

**Brown**, 53,265 (La. App. 2nd Cir. 8/27/19), 278 So.3d 1104, 1107, <u>writ denied</u>, 2019-0140 (La. 8/31/19), 277 So.3d 1186.

The types of documentary evidence commonly considered by courts to determine domicile include such things as voter registrations, homestead exemptions, vehicle registration records, driver's license addresses, statements in notarial acts, and evidence that most of the person's property is housed at that location. Obviously, the more of these items presented by a party opposing candidacy in a given case to show lack of domicile in the district, the more difficult it will be for the candidate to overcome the plaintiff's evidence. **Landiak**, 899 So.2d at 543-44.

A person may maintain more than one residence and the fact that one is maintained for political purposes does not itself prevent a residence from being actual and bona fide. There must be actual, physical use or occupation of quarters for living purposes before a bona fide residence is established. **McClendon v. Bel**, 2000-2011 (La. App. 1st Cir. 9/7/00), 797 So.2d 700, 705. Likewise, the Louisiana Supreme Court has applied the interpretation of the term "actually domiciled" to the phrase "actually resided" in La. R.S. 33:384 and determined that the inquiry of whether someone "actually resides" in a particular place should focus on whether plaintiff established that the residence at issue is a fictitious residence rather than a real residence. **Becker**, 854 So.2d at 872.

Domicile and residency, for purposes of an election contest, present issues of fact. The standard of review of findings of fact by the trial court is the clearly wrong or manifest error standard. **McClendon**, 797 So.2d at 705.

In this case, the district court found that Rizzutto met her burden of proving that Joseph was neither domiciled nor actually residing in Port Allen based on evidence that a homestead exemption existed on the Plaquemine home that Joseph owned with his wife. Such evidence, along with the fact that Joseph's wife and

daughters reside at the Plaquemine home, is among the type of evidence generally considered in determining domicile. Thus, the record demonstrates that Rizzutto made a *prima facie* showing that Joseph does not meet the domicile and residency requirements to qualify for office.

The burden then shifted to Joseph to offer countervailing evidence to rebut that *prima facie* showing. In this case, Joseph presented evidence to support his claim that he maintained his domicile of origin; that is, domicile and actual residency at his ancestral home located at 814 North 13th Street in Port Allen.

A person's domicile of origin continues until another is acquired. **Pattan v. Fields**, 95-1936 (La. App. 1st Cir. 9/26/95), 669 So.2d 1233, 1238, writs denied, 95-2382, 95-2381 (La. 9/29/95), 661 So.2d 1341, 1342. Joseph testified that his parents purchased the land and built the home located at 814 North 13th Street in 1969, and the home has been his residence since his birth in 1975. Domicile is maintained until acquisition of a new domicile. A natural person changes domicile when he moves his residence to another location with the intent to make that location his habitual residence. La. Civ. Code art. 44. Joseph testified that he intends to remain at 814 North 13th Street, and it has not ever been his intent not to remain there.

Nevertheless, "[t]he expressed intent of the party may be at variance with the intent as evidenced by conduct." **Landiak**, 899 So.2d at 543. In this case, the district court found the evidence offered by Joseph did not outweigh the *prima facie* evidence offered by Rizzutto regarding his intent. As previously discussed, the district court's findings regarding domicile and residency are issues of fact subject to the manifest error standard of review. **McClendon**, 797 So.2d at 705. Hence, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. **Pattan**, 669 So.2d at 1239. The manifest error-clearly wrong standard of review is applied not only due to the district court's better capacity to evaluate live witnesses, as

11

compared with the appellate court's access to only a cold record, but also upon the proper allocation of trial and appellate functions between the respective courts. **Hoskins v. State Through Division of Administration, Office of Community Development**, 2018-1089 (La. App. 1st Cir. 2/25/19), 273 So.3d 323, 330-31. Moreover, when documentary or other objective evidence casts doubt on a person's statements regarding intent, it is incumbent on courts to weigh the evidence presented in order to determine domicile in fact. <u>See</u> **Landiak,** 899 So.2d at 543.

Herein, the district court clearly considered all the evidence presented by Joseph and observed that what he provided were "all things that the courts have said you … take into consideration when looking to determine someone's domicile: his driver's license, his voter's application, application of the state bar association membership directory, and vehicle registrations." Nevertheless, the district court clearly found the evidence of the homestead exemption on Joseph's home in Plaquemine (from which he arguably benefits) clearly outweighed any countervailing evidence presented by him.

Based on the record in its entirety and showing proper deference to the district court, we find that the court was not clearly wrong or manifestly erroneous in determining that Joseph did not maintain his domicile of origin at 814 North 13th Street in Port Allen. Consequently, we reject Joseph's remaining assignments of error.

## CONCLUSION

We recognize that the laws governing the conduct of elections should be liberally construed so as to promote rather than defeat candidacy and that any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. **McClendon**, 797 So.2d at 705. However, we cannot say that the district court erred in finding that the weight of the evidence establishes that the candidate is neither domiciled, nor does he actually reside in Port

12

Allen.[6]  Hence, we affirm.  All costs of this appeal are assessed to the appellant,

Lance C. Joseph.

**AFFIRMED.**

---

[6]Indeed, we cannot help but observe the dichotomy of having a mayor and his family living in a neighboring parish where they would be insulated from the policies and decisions of his administration.  As the court in **Gray** recognized, there are many legitimate political and governmental purposes served by a one-year domicile requirement, including accountability and accessibility.  See **Gray**, 278 So.3d at 1112.